**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIE D. HOWARD,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.    18-35854

D.C. No. 1:16-cv-03227-MKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted December 9, 2019[**]
Seattle, Washington

Before: McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[***] District
Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable M. Douglas Harpool, United States District Judge for
the Western District of Missouri, sitting by designation.

Julie Howard appeals the district court's order affirming denial of her social security and disability benefits. We affirm. Because the parties are familiar with the background of this appeal, we do not repeat it here.

The ALJ had specific and legitimate reasons for discounting the opinion of Howard's sole treating physician, Dr. Troy Witherrite. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The treatment record contradicted Dr. Witherrite's conclusory opinion that Howard was limited to sedentary work and that she was "probably disabled." The ultimate determination of disability is a legal conclusion reserved for the Commissioner, not for care providers. *See McLeod v. Astrue*, 640 F.3d 881, 884–85 (9th Cir. 2011). Moreover, Dr. Witherrite's opinion was inconsistent with his own treatment notes, which showed that Howard "functionally improved on very low dose[s]" of medication and a range of other therapies, that she did not exhibit pain during several musculoskeletal tests, and that she had good range of motion.

The ALJ gave significant weight to the examining physicians' opinions and these opinions were supported by the medical record. *See Orn*, 495 F.3d at 632. Dr. Derek Leinenbach found that Howard's range of motion was within "normal limits," that her muscle strength was a "5/5," and that her fibromyalgia did not prevent her from "stand[ing]/walk[ing] without interruption for 2 hours," or

2

standing and walking "for a total of 4 hours in an 8 hour workday." This opinion was consistent with the treatment record.

Howard argues that the ALJ erred by failing to accept Dr. Witherrite's and the examining psychologist's alleged findings of a "severe mental impairment," but the record does not support that this finding was made by her care providers or examiners. Even if it was, and the ALJ erred, Howard never indicated any limitation associated with this alleged impairment that the ALJ did not properly account for in assessing Howard's residual functional capacity. Furthermore, Howard provided no expert opinion or additional evidence to support her claim of a severe mental impairment, nor does the record indicate that Howard was receiving mental health treatment. The ALJ also found that the reviewing psychologist's opinions were consistent with the examining providers' conclusions and Dr. Witherrite's treatment notes. Howard has not met her burden of proving otherwise.

Substantial evidence also supports the ALJ's negative assessment of Howard's credibility regarding her limitations. Howard's testimony that she was "sick 24/7" and in constant pain was contradicted by her reports of her daily activities evidenced in the treatment notes and medical opinions. It was also contradicted by treatment notes showing that Howard improved with treatment and

3

did not have pain during numerous exams. The ALJ did not err by discounting her testimony based on these inconsistencies.

Howard also argues that the ALJ failed to consider her statement to Dr. Daniel Sager that she shied away from recommended treatment options because she was "suspicious of FDA approved drugs." If this was error, it was harmless. Howard cites no authority for the proposition that her personal choice was a sufficient reason to refuse treatment that she occasionally tried and from which she saw improvement. Neither the record nor the briefing provides any substantive reasons explaining why Howard might have been reluctant to continue with medications that had been effective for her in the past, such as adverse reactions or side effects. Nor does the record indicate why Howard refused other treatments and lifestyle changes that Dr. Witherrite recommended, such as physical therapy, diet changes, smoking cessation, and referral to a pain clinic.

The ALJ had germane reasons to discount Howard's daughter's testimony. The medical evidence of Howard's limitations (and improvement with treatment) conflicted with her daughter's reports. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). Those reports did not provide new or different information from Howard's testimony, and at times conflicted with Howard's own reports to the treating and examining physicians.

4

Finally, Howard contends that the ALJ failed to assess Howard's residual functional capacity. Much of this argument depends on Howard's previous arguments that the ALJ failed to appropriately weigh Dr. Witherrite's conclusions and Howard's and her daughter's testimony, but this evidence was appropriately discounted for the reasons explained. Howard also argues that the ALJ failed to apply the appropriate grid category under 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.12, 202.13. Howard argues that she does not fall into the "light work" category, *see id.* § 202.13. Because she was fifty years old as of the date of onset of her alleged disability, and because she was deemed incapable of performing her past relevant unskilled work, Howard argues that she would be legally "disabled" pursuant to § 201.12 if the ALJ had properly decided she was limited to sedentary work.

The ALJ relied on Dr. Leinenbach's finding that Howard was capable of, among other things, standing and walking for four hours, and this finding was supported by the medical evidence. The ALJ determined that Howard "retain[ed] the capacity to perform less than the full range of work at the light exertion level." Because Howard's exertional capacity fell in a grey area, the ALJ properly consulted a vocational expert to assess what occupations are available that properly account for Howard's limitations. *See* Social Security Ruling 83–12(2), 1983 WL

31253, at \*3 (1983); *see also Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000). The expert found that there remained a number of occupations in the national economy that fully accounted for Howard's limitations, including office helper, electronics worker, and small products assembler.

Howard offers no authority to support her argument that the ALJ's finding of a four-hour cap on Howard's standing and walking would constitute a "significantly reduced exertional capacity" that compels the conclusion that Howard is disabled. Howard also argues the ALJ was required to find her disabled because the ALJ did not "directly refute" Dr. Witherrite's opinion that Howard was limited to sedentary work. But the ALJ appropriately discounted this conclusion, as discussed above.

**AFFIRMED.**